FILED *B.H*

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 14 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

HILDA L. SOLIS, Secretary of Labor,                    :
United States Department of Labor,

                        Plaintiff,

      v.                                                  :

SC & BP SERVICES, INC.; BP & SC SERVICES, INC.;  :
BRIAN POWERS, Individually, and SUSAN COADY,
Individually,                                          :

                        Defendants.                 :

--------------------------------------------------------------------

Civil Action File
No. 10-

**CV 10- 3248**

**VITALIANO, J.**

COMPLAINT

**GO, M.J.**

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this

action under Section 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et

seq.), (hereinafter referred to as "the Act"), alleging that Defendants violated Sections 6, 7, 11(c),

15(a)(2) and 15(a)(5) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act.

II.

Defendant SC & BP SERVICES, INC. is, and at all times hereinafter mentioned, was, a

corporation duly organized under the laws of the State of New York having its principal office and

place of business at 1055 63rd Street, Brooklyn, NY 11219, within the jurisdiction of this court,

where it has been engaged in the business of providing cleaning services.

III.

Defendant BP & SC SERVICES, INC. is, and at all times hereinafter mentioned, was, a corporation duly organized under the laws of the State of New York having its principal office and place of business at 1055 63rd Street, Brooklyn, NY 11219, within the jurisdiction of this court, where it has been engaged in the business of providing cleaning services.

IV.

Defendant corporations have regulated the employment of all persons employed by the corporations, acted directly and indirectly in the corporations' interest in relation to the employees, and are thus a employers of employees within the meaning of Section 3(d) of the Act.

V.

Defendant BRIAN POWERS, who has maintained a place of business at 1055 63rd Street, Brooklyn, NY 11219, within the jurisdiction of this court, is an Owner of the defendant corporations, in active control and management of defendant corporations, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of the defendant corporations in relation to the employees, and is thus an employer of said employees within the meaning of Section 3(d) of the Act.

VI.

Defendant SUSAN COADY, who has maintained a place of business at 1055 63rd Street, Brooklyn, NY 11219, within the jurisdiction of this court, is an Owner of the defendant corporations, in active control and management of the defendant corporations, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of the defendant corporations in relation to the employees, and is thus an employer of said employees

within the meaning of Section 3(d) of the Act.

## VII.

The business activities of the Defendants, as described, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

## VIII.

Defendants have employed employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore, the employees were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

## IX.

Defendants in many workweeks have violated the provisions of Sections 6 and 15(a)(2) of the Act, by paying many of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act, and thus, Defendants are liable for unpaid minimum wage compensation owing to their employees under section 6 of the Act and prejudgment interest on said minimum wage compensation under Section 17 of the Act.

## X.

Defendants in many workweeks have violated the provisions of Sections 7 and 15(a)(2) of the

Act by employing many of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed. Therefore, Defendants are liable for unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the Act.

XI.

Defendants in many workweeks have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of its employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, Defendants failed to maintain accurate records of hours worked by employees.

XII.

Defendants have violated the provisions of the Act as alleged above since at least January 18, 2008.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the

Act; and

(2)   For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(3)   For an order awarding Plaintiff the costs of this action; and

(4)   For an order granting such other and further relief as may be necessary and appropriate.

DATED:      July ℱ 2010
            New York, New York

_____
M. PATRICIA SMITH
Solicitor of Labor

_____
PATRICIA M. RODENHAUSEN
Regional Solicitor

_____
SUSAN B. JACOBS
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3664